UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| In re:<br><br>**Mary Alice Crooks**<br><br>Debtor(s). | Case No.<br><br>CHAPTER 13 PLAN<br><br>**X** Original ___Amended<br><br>Date: *6/18/09* |
|---|---|

1. **Plan Payments:**
No later than 30 days after the filing of the Plan or the order for relief, whichever date is earlier, the Debtor(s) will commence making payments to the Trustee as follows:
A. AMOUNT: $**130.00**; FREQUENCY: **X** Monthly; ___Semi-Monthly; ___Bi-Weekly; ___Weekly
B. TAX REFUNDS: Debtor(s) ___COMMITS; **X** DOES NOT COMMIT; all tax refunds to funding the Plan. Committed refunds shall be paid in addition to the plan payment stated above. If no selection is made, tax refunds are committed.
C. PAYMENTS: Plan payments shall be deducted from the Debtor(s) wages unless otherwise agreed to by the Trustee or ordered by the Court.
D. OTHER:

2. **Plan Duration:**
Debtor(s) estimate the Plan will run approximately **60** months. Plan may be extended up to 60 months after the first payment is due if necessary to complete the Plan.

3. **Distribution of Plan Payments:**
The Trustee shall disburse funds received in the following order:
A. ADMINISTRATIVE EXPENSES:
   1. Trustee. The percentage set pursuant to 28 USC §586(e).
   2. Other administrative expenses. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
   3. Attorney's Fees: Original attorney's fees of $**1,800.00**, of which $**600.00** remains unpaid. *If attorney time exceeds $1800.00, they shall be applied for via separate motion.*
      Select applicable option: a. **X** Prior to all creditors; b. _____ Monthly payments of $_____;
      c.____ All remaining funds available after designated monthly payments to the following creditors:_____.
      If no selection is made, fees will be paid after monthly payments specified in Paragraphs 3B and 3C.
      d. _____ Other:_____.

B. CURRENT DOMESTIC SUPPORT OBLIGATION: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order as follows (if left blank, no payments shall be made by the Trustee):

| **Creditor** | **Monthly amount** |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

C. SECURED CLAIMS: Payments to creditors whose claims are filed and allowed pursuant to 11 USC § 502(a) or court order, as stated below. Unless ranked otherwise, payments to creditors will be disbursed at the same level. Secured creditors shall retain their liens until the payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 USC § 1328, as appropriate. Secured creditors, other than current mortgage payments and continuing payments and except as provided in 26 USC § 6621(a)(2) and 11 USC § 1322(b)(2) as limited by 11 USC § 1325(a), will be paid the amount of their claim or the value of their collateral, whichever is less, plus per annum uncompounded interest from the Petition filing date. Interest rate and monthly payment in the Plan control unless a creditor timely files an objection to confirmation. Value of collateral stated in the Proof of Claim controls unless otherwise ordered following timely objection to claim. The unsecured portion of any claim shall be paid as a nonpriority unsecured claim unless entitled to priority by law. **Any creditors holding allowed**

[Local Bankruptcy Form 13-3]

**secured claims not specified below shall not receive payment from the Trustee.** If the interest rate is left blank, the applicable interest rate shall be 12%.

1. <u>Payments That Will Continue Beyond The Term Of The Plan</u> (Interest included in payments at contract rate, if applicable):

| **Rank** | **Creditor** | **Nature of Debt** | **Property** | **Monthly Payment** |
|---|---|---|---|---|
| ____ | _____ | _____ | _____ | $_____ |
| ____ | _____ | _____ | _____ | $_____ |

2. <u>Mortgage Arrearage /Property Tax Arrearage Payments</u>:

| **Rank** | **Periodic Payment** | **Creditor** | **Property** | **Arrears to be Cured** | **Interest Rate** |
|---|---|---|---|---|---|
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |

3. <u>Other Claims Secured by Personal Property</u>:

(a). Unless written consent to the alternative treatment as set forth below is filed with the court, the trustee shall pay the contract balance as stated in the Proof of Claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the debtor(s) **within 910 days** preceding the filing date of the Petition or in other personal property acquired within **one year** preceding the filing date of the Petition as follows. Debtor(s) stipulate that pre-confirmation adequate protection payments shall be paid by the Trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

   (i). Payment of contractual balance

| **Rank** | **Equal Periodic Payment** | **Creditor** | **Description of Collateral** | **Pre-Confirmation Adequate Protection Payment** | **Interest Rate** |
|---|---|---|---|---|---|
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |
| ___ | $_____ | _____ | _____ | $_____ | ___% |

   (ii). Proposed Alternative Treatment, which shall not be binding upon the creditor without written consent filed with the court.

| **Rank** | **Equal Periodic Payment** | **Creditor** | **Debtor(s) Value of Collateral** | **Description of Collateral** | **Pre-Confirmation Adeq. Protection Payment** | **Interest Rate** |
|---|---|---|---|---|---|---|
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |
| ____ | $_____ | _____ | $_____ | _____ | $_____ | ___% |

(b). The following secured claims are **not** for a motor vehicle acquired for the personal use of the Debtor(s) within 910 days preceding the filing date of the Petition and are **not** for other personal property acquired within one year preceding the filing date of the Petition. Debtor(s) stipulate that pre-confirmation adequate protection payments shall be paid by the Trustee as specified. If no amount is specified, the Trustee shall pay the amount stated as the "Equal Periodic Payment".

| **Rank** | **Equal Periodic Payment** | **Creditor** | **Debtor(s) Value of Collateral** | **Description of Collateral** | **Pre-Confirmation Adeq. Protection Payment** | **Interest Rate** |
|---|---|---|---|---|---|---|
| ___ | $_____ | _____ | $_____ | _____ | $_____ | ___% |

[Local Bankruptcy Form 13-3]

D. PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 USC § 507(a).

E. NONPRIORITY UNSECURED CLAIMS: From the balance remaining after the above payments, the Trustee shall pay filed and allowed nonpriority unsecured claims as follows:

1. Specially Classified Unsecured Claims. The Trustee shall pay prior to other nonpriority unsecured claims as follows:

| **Rank** | **Creditor** | **Amount of Claim** | **Percentage To be Paid** | **Reason for Special Classification** |
|---|---|---|---|---|
| ____ | _____ | $_____ | _____% | _____ |
| ____ | _____ | $_____ | _____% | _____ |

2. Other Unsecured Claims. The Debtor(s) will pay 100% to claimants in this class, or pay projected disposable income for no less than the Applicable Commitment Period of either 36 or 60 months as stated below **(choose a. or b., but not both)**:
    (a). 100 % paid to unsecureds:                                  **OR**
    (b). **X** Pursuant to 11 USC § 1325(b), debtor(s) projected disposable income during the applicable commitment period of no fewer than **0** months totals $**0.00**, and not less than that total amount shall be distributed to allowed nonpriority unsecured claims. Plan would thus yield approximately **0** % to nonpriority unsecureds. Percentage may vary depending upon funds available after payments required under Paragraphs 3A-3E1 and upon total of claims filed.

**4. Secured Property Surrendered**:
The secured property described below will be surrendered to the following named creditors on confirmation. Upon confirmation, all creditors to which the debtor is surrendering property pursuant to this paragraph are granted relief from the automatic stay to enforce their security interest against the property including taking possession and sale.

**Creditor**                                                               **Property to be Surrendered**

**5**. **Executory Contracts and Leases**:
The Debtor(s) will assume or reject executory nonresidential contracts or unexpired leases as noted below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor(s) under Paragraph 6, unless otherwise specified in Paragraph 10 with language designating that payments will be made by the Trustee, the amount and frequency of the payments, the ranking level for such payments with regard to other creditors, the length of the term for continuing payments and the interest rate, if any, for cure payments. Any executory contract or unexpired lease not assumed pursuant to 11 USC § 365(d) is rejected. If rejected, the Debtor(s) shall surrender any collateral or leased property and any duly filed and allowed unsecured claim for damages shall be paid under Paragraph 3E2.

**Contract/Lease**                                                  **Assumed or Rejected**

**6. Payments Made by Debtor(s) and not by the Trustee:**
The following creditors shall be paid directly by the Debtor(s) according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party)

A. DOMESTIC SUPPORT OBLIGATIONS: The claims of the following creditors owed domestic support obligations shall be paid directly by the Debtor(s) as follows:

| **Creditor** | **Current Monthly Support Obligation** | **Monthly Arrearage Payment** |
|---|---|---|
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

[Local Bankruptcy Form 13-3]

B. OTHER DIRECT PAYMENTS:

| Creditor | Nature of Debt | Amount of Claim | Monthly Payment |
|----------|----------------|-----------------|-----------------|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

### 7. Revestment of Property
Unless otherwise provided in Paragraph 10, during the pendency of the plan all property of the estate as defined by 11 USC § 1306(a) shall remain vested in the Debtors, except that earnings and income necessary to complete the terms of the Plan shall remain vested in the Trustee until discharge. The Debtor(s) shall not, without approval of the Court, sell or otherwise dispose of or transfer real property other than in accordance with the terms of the confirmed Plan.

### 8. Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)
No less than $__**7170.27**__ shall be distributed to priority and nonpriority unsecured claims. Under 11 USC §§ 1325(a)(4) and 726(a)(5), interest on allowed unsecured claims under Paragraphs 3D and 3E shall be paid at the rate of ____% per annum from the Petition filing date (no interest shall be paid if left blank).

### 9. Certification:
A. The Debtor(s) certifies that all post-petition Domestic Support Obligations have been paid in full on the date of this Plan and will be paid in full at the time of the confirmation hearing. Debtor acknowledges that timely payment of such post-petition Domestic Support Obligations is a condition of Plan confirmation pursuant to 11 USC § 1325(a)(8).
B. The Debtor(s) or their attorney certifies that this Plan does not alter the provisions of Local Bankruptcy Form 13-3 except as follows:

### 10. Other Plan Provisions:

| */s/Jeffrey E. Foster* | */s/Mary Alice Crooks*  **9093** | *06/18/09* |
|---|---|---|
| Attorney for Debtor(s) | DEBTOR    Last 4 digits SS# | Date |

| *06/18/09* | _____ | |
|---|---|---|
| Date | DEBTOR    Last 4 digits SS# | Date |

[Local Bankruptcy Form 13-3]

# CERTIFICATE OF NOTICE

```
District/off: 0981-2          User: pattyr              Page 1 of 1              Date Rcvd: Jun 24, 2009
Case: 09-16168                Form ID: pdfpl            Total Noticed: 11
```

The following entities were noticed by first class mail on Jun 26, 2009.
```
db            +Mary Alice Crooks,   3427 S 184th St,   Seattle, WA 98188-4957
smg            State of Washington,   Department of Revenue,   2101 4th Ave, Ste 1400,   Seattle, WA  98121-2300
951816526     +Chase,   800 Brooksedge Blvd,   Westerville, OH 43081-2822
951816530      Gemb/La-Z,   Po Box 981439,   El Paso, TX 79998-1439
951816533     +My World,   Po Box 182750,   Columbus, OH 43218-2750
951816534     +Sears/Cbsd,   Po Box 6189,   Sioux Falls, SD 57117-6189
951816535     +Synergy Mediation Corp (Original Cr,   Po Box 556,   Roseville, CA 95678-0556
951816536      Target Nb,   C/O Target Credit Services,   Minneapolis, MN 55440-0673
```
The following entities were noticed by electronic transmission on Jun 25, 2009.
```
951816529     +E-mail/PDF: gecsedi@recoverycorp.com Jun 25 2009 04:04:52      Gemb/Jcp,   Po Box 981402,
               El Paso, TX 79998-1402
951816531     +E-mail/PDF: gecsedi@recoverycorp.com Jun 25 2009 04:05:03      Gemb/Lowes,   Po Box 103065,
               Roswell, GA 30076-9065
951816532     +E-mail/PDF: gecsedi@recoverycorp.com Jun 25 2009 04:02:09      Gemb/Qvc,   Po Box 971402,
               El Paso, TX 79997-1402
                                                                                                       TOTAL: 3

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
951816527*    +Chase,   800 Brooksedge Blvd,   Westerville, OH 43081-2822
951816528*    +Chase,   800 Brooksedge Blvd,   Westerville, OH 43081-2822
                                                                                                 TOTALS: 0, * 2
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 26, 2009**                    **Signature:**    _Joseph Speetjens_