Jeffrey E. Foster  
Attorney at Law  
720 3rd Ave. #1605  
Seattle, WA 98104  
Ph: (206) 903-1836  
Fax: (206) 903-1837  

HONORABLE TIMOTHY W. DORE  
Chapter 13  
Hearing Date: February 15, 2012  
Response Due: February 8, 2012  

# IN THE UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:                                   )
                                         )    Case No: 09-16168-TWD
MARY ALICE CROOKS,                       )    Chapter 13
                                         )
                                         )    DEBTOR'S RESPONSE TO
                                         )    TRUSTEE'S POST-
                                         )    CONFIRMATION MOTION TO
                                         )    MODIFY DEBTOR'S PLAN
                                         )
 Debtor.                                 )
_____      )

Debtor Mary Alice Crooks ("Debtor"), by and through counsel Jeffrey E. Foster, hereby responds to the Trustee's motion for post-confirmation modification of plan as follows:

## I.  RELIEF REQUESTED:

For the reasons set forth below, the Debtor respectfully requests that the Court deny Defendants' motion to compel the Debtor to file an amended plan based on the Debtor's receipt of a post-confirmation inheritance.

## II.  STATEMENT OF FACTS:

On June 24, 2009 Debtor filed the above-captioned Chapter 13 case.

1

RESPONSE

FOSTER LAW OFFICES  
720 3rd Ave. #1605  
Seattle, WA 98104  
Tel: (206) 903-1836; Fax: (206) 903-1837

At the time of filing, the Debtor was retired. Schedule I indicates that the Debtor's sole source of income is monthly social security payments of $943.00. The Debtor's projected disposable income pursuant to 11 U.S.C. 1325(b) is zero and the applicable commitment plan period is 36 months. The Debtor has no 401(k), IRA, annuity or other retirement account.

Despite her qualification for Chapter 7, the Debtor decided to file Chapter 13 in order to avoid the liquidation of her vehicle in Chapter 7. See Declaration of Mary Alice Crooks ¶3. Retaining the vehicle was necessary because the Debtor's father relied on the Debtor to provide transportation to and from his assisted living facility. See Declaration of Mary Alice Crooks at ¶4. The Debtor transported her father to doctor's appointments; grocery store and shopping visits; and for all travel to and from the facility. Id. Since she is the last living member of her family and has no siblings, the Debtor was her father's only option to provide transportation. Id.

On November 23, 2009 the Court entered an Order Confirming Chapter 13 Plan ("Confirmation Order"). The Confirmation Order states:

> That during the pendency of the plan hereby confirmed, all property of the estate, as defined by 11 U.S.C. section 1306(a), shall remain vested in the debtor, under the exclusive jurisdiction of the Court, and further, that the debtor shall not, without specific approval of the Court, lease, sell, transfer, encumber or otherwise dispose of such property.

See Docket #26

On or about December 2, 2011 the Debtor contacted the Chapter 13 Trustee's ("Trustee") office to advise the Trustee that she became entitled to an inheritance. Shortly thereafter, the Trustee filed this instant motion.

III. LEGAL ANALYSIS:

In his motion, the Trustee seeks to modify the Debtor's Chapter 13 plan. The basis for the motion is the Debtor's post-confirmation inheritance from her father. The Trustee alleges

2

RESPONSE

FOSTER LAW OFFICES
720 3rd Ave. #1605
Seattle, WA 98104
Tel: (206) 903-1836; Fax: (206) 903-1837

Case 09-16168-TWD    Doc 40    Filed 01/31/12    Ent. 01/31/12 14:59:28    Pg. 2 of 4

the inheritance is "property of the estate" pursuant to 11 U.S.C. 1306(a).

However, a conflict exists between 1306(a) and 11 U.S.C. 1327(b). 11 U.S.C. 1327(b) states: "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor". There is no provision in the Debtor's plan delaying revestment.

In the 9th circuit, the conflict between 1306 and 1327 is resolved in favor of 1327. See In re Petruccelli 113 B.R. 5(1990). In Petruccelli, the Court ruled that post-petition funds in a Chapter 13 Debtor's account were subject to execution by the IRS since such funds were not "property of the estate". The Court based its ruling on the controlling revestment provision in 1327(b). See Id. at 17. More specifically, the Court ruled as follows:

> In this Court's view, the better approach, as recognized by many of the cases, is that revesting of all of the property of the estate occurs upon confirmation as contemplated by § 1327(b), unless revesting is expressly postponed, as authorized by § 1327(b). See Id.

Therefore, because the Debtor's post-confirmation inheritance is revested in favor of the Debtor, it is not property of the estate.

## CONCLUSION:

Pursuant to 11 U.S.C. 1327(b), the Debtor respectfully requests that the Court deny the Trustee's motion. Alternatively, the Debtor requests that the Court grant the Debtor with leave to file a motion to dismiss this Chapter 13 case.

DATED this 31st day of January, 2011

/s/*Jeffrey E. Foster*
By: Jeffrey E. Foster, WSBA#31650
Attorney for Plaintiffs

3

RESPONSE

FOSTER LAW OFFICES
720 3rd Ave. #1605
Seattle, WA 98104
Tel: (206) 903-1836; Fax: (206) 903-1837

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

4

RESPONSE

FOSTER LAW OFFICES
720 3rd Ave. #1605
Seattle, WA 98104
Tel: (206) 903-1836; Fax: (206) 903-1837