United States Bankruptcy Court
Western District of Washington

In re:                                                          Case No. 09-16168-TWD
Mary Alice Crooks                                               Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0981-2        User: admin          Page 1 of 3           Date Rcvd: Jun 12, 2012
                           Form ID: b18w         Total Noticed: 26

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 14, 2012.
db           +Mary Alice Crooks,   3427 S 184th St,   Seattle, WA 98188-4957
952002135     Chase Bank USA, N.A. by eCAST Settlement,   Corporation, as its agent,   POB 35480,
               Newark, NJ 07193-5480
951816533    +My World,   Po Box 182750,   Columbus, OH 43218-2750
951816535    +Synergy Mediation Corp (Original Cr,   Po Box 556,   Roseville, CA 95678-0556

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           EDI: IRS.COM Jun 13 2012 00:08:00   Internal Revenue Service,   915 2nd Avenue MS W244,
               Seattle, WA 98174
smg           EDI: WADEPREV.COM Jun 13 2012 00:08:00   State of Washington,   Department of Revenue,
               2101 4th Ave, Ste 1400,   Seattle, WA 98121-2300
cr           +EDI: OPHSUBSID.COM Jun 13 2012 00:08:00   Oak Harbor Capital LLC,   C/O WEINSTEIN & RILEY, PS,
               2001 WESTERN AVE., STE 400,   SEATTLE, WA 98121-3132
cr           +EDI: PRA.COM Jun 13 2012 00:08:00   PRA Receivables Management LLC,   P.O. BOX 41067,
               NORFOLK, VA 23541-1067
952179539     EDI: RESURGENT.COM Jun 13 2012 00:08:00   CR Evergreen, LLC,   MS 550,   PO Box 91121,
               Seattle, WA 98111-9221
951816526    +EDI: CHASE.COM Jun 13 2012 00:08:00   Chase,   800 Brooksedge Blvd,
               Westerville, OH 43081-2822
951895768     EDI: CHASE.COM Jun 13 2012 00:08:00   Chase Bank USA NA,   PO BOX 15145,
               Wilmington, DE 19850-5145
953637262    +EDI: RESURGENT.COM Jun 13 2012 00:08:00   East Bay Funding, LLC,
               c/o Resurgent Capital Services,   PO Box 288,   Greenville, SC 29602-0288
952074888     EDI: RMSC.COM Jun 13 2012 00:08:00   GE Consumer Finance,   For GE Money Bank,
               dba LA-Z BOY FURNITURE GALLERIES/GEMB,   PO Box 960061,   Orlando FL 32896-0661
951816529    +EDI: RMSC.COM Jun 13 2012 00:08:00   Gemb/Jcp,   Po Box 981402,   El Paso, TX 79998-1402
951816530     EDI: RMSC.COM Jun 13 2012 00:08:00   Gemb/La-Z,   Po Box 981439,   El Paso, TX 79998-1439
951816531     EDI: RMSC.COM Jun 13 2012 00:08:00   Gemb/Lowes,   Po Box 103065,   Roswell, GA 30076
951816532     EDI: RMSC.COM Jun 13 2012 00:08:00   Gemb/Qvc,   Po Box 971402,   El Paso, TX 79997-1402
952390767    +EDI: OPHSUBSID.COM Jun 13 2012 00:08:00   Oak Harbor Capital, LLC,
               c/o Weinstein & Riley, P.S.,   2001 Western Ave., Ste. 400,   Seattle, WA 98121-3132
952085510     EDI: PRA.COM Jun 13 2012 00:08:00   Portfolio Recovery Associates, LLC,   P.O. Box 41067,
               Norfolk, VA 23541
951938509    +EDI: PRA.COM Jun 13 2012 00:08:00   PRA Receivables Management, LLC,
               As Agent Of Portfolio Recovery Assocs.,   POB 41067,   NORFOLK VA 23541-1067
952074887    +EDI: RECOVERYCORP.COM Jun 13 2012 00:08:00   Recovery Management Systems Corporation,
               For GE Money Bank,   dba QCARD,   25 SE 2nd Ave Ste 1120,   Miami FL 33131-1605
951965911     EDI: RESURGENT.COM Jun 13 2012 00:08:00   Roundup Funding, LLC,   MS 550,   PO Box 91121,
               Seattle, WA 98111-9221
951816534    +EDI: SEARS.COM Jun 13 2012 00:08:00   Sears/Cbsd,   Po Box 6189,   Sioux Falls, SD 57117-6189
951866178    +E-mail/Text: bncmail@w-legal.com Jun 13 2012 00:11:06   TARGET NATIONAL BANK,
               C O WEINSTEIN AND RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
951816536     EDI: WTRRNBANK.COM Jun 13 2012 00:08:00   Target Nb,   C/O Target Credit Services,
               Minneapolis, MN 55440-0673
952030048     EDI: ECAST.COM Jun 13 2012 00:08:00   eCAST Settlement Corporation,   POB 35480,
               Newark, NJ 07193-5480
                                                                                        TOTAL: 22

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
sr            B-Line LLC
cr*           CR Evergreen LLC,   MS 550,   PO Box 91121,   Seattle, WA 98111-9221
cr*          +East Bay Funding, LLC,   c/o Resurgent Capital Services,   PO Box 288,
               GREENVILLE, SC 29602-0288
951816527*   +Chase,   800 Brooksedge Blvd,   Westerville, OH 43081-2822
951816528*   +Chase,   800 Brooksedge Blvd,   Westerville, OH 43081-2822
952004428*    Chase Bank USA, N.A. by eCAST Settlement,   Corporation, as its agent,   POB 35480,
               Newark, NJ 07193-5480
952030049*    eCAST Settlement Corporation,   POB 35480,   Newark, NJ 07193-5480
                                                                        TOTALS: 1, * 6, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

```
***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 14, 2012**                    **Signature:**

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2012 at the address(es) listed below:
             Jeffrey E Foster     on behalf of Debtor Mary Crooks jeff@fosterlawoffices.com,
              sara@fosterlawoffices.com;jenna@fosterlawoffices.com
             K Michael Fitzgerald    courtmail@seattlech13.com
             United States Trustee    USTPRegion18.SE.ECF@usdoj.gov
                                                                                    TOTAL: 3

# United States Bankruptcy Court

### Western District of Washington
700 Stewart St, Room 6301
Seattle, WA 98101
**Case No. 09−16168−TWD**

**Chapter 13**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Mary Alice Crooks
3427 S 184th St
Seattle, WA 98188

Social Security/Individual Taxpayer ID No.:
xxx−xx−9093

Employer Tax ID/Other nos.:

## DISCHARGE OF DEBTOR AFTER COMPLETION
## OF CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 case on **June 24, 2009.** It appearing that the Debtor is entitled to a discharge,

**IT IS ORDERED:**

The Debtor is granted a discharge under 11 U.S.C. § 1328(a).

BY THE COURT

Dated: June 12, 2012

Timothy W Dore
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

## Debts That are Not Discharged

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**